## MITCHEM *v.* GEORGIA COTTON OIL COMPANY.

HILL, J. 1. "Equity jurisdiction over matters of account extends to mutual accounts growing out of privity of contract, or where accounts are complicated and intricate, or where a discovery or writ of ne exeat is prayed and granted." Civil Code, § 4586.

2. A petition addressed to the superior court alleged in substance as follows: The plaintiff entered into a contract with the defendant, by which the latter was to purchase for the former cottonseed during a certain season, at a price to be named by the plaintiff and with funds to be furnished by it. The seed were to be shipped to the plaintiff in car-load lots, and weights on the track scales of the plaintiff were to govern in the allowance of credits. The plaintiff was to pay to the defendant $1.75 per ton for commissions and expenses for loading the seed. The plaintiff furnished to the defendant sums of money aggregating $11,700. The defendant shipped to the plaintiff car-loads of cottonseed, which the plaintiff contends aggregated 969,970 lbs. net, and for, which the plaintiff allowed the defendant credit to the aggregate amount of $9,764.64, besides commission of $848.71. The plaintiff has demanded a settlement from the defendant and an accounting for the money furnished to him by the plaintiff, but he has failed and refused to make it. The plaintiff is informed that the defendant sold large quantities of seed to a named purchaser, but the amount thereof is unknown to the plaintiff. It is also informed that the defendant used large quantities of seed, for which he has not accounted. The defendant contests the credits allowed by the plaintiff, "and the adjustment of the issues between them involves complicated and intricate accounting and the investigation of many details, to which the machinery of a court of equity is better adapted than that of a court of law." The prayers

were, for discovery and an accounting, and a decree for the balance found to be due the plaintiff. The answer of the defendant described the case as "Equitable Petition, etc. In Morgan Superior Court." It set up a different statement of accounts between the parties, and claimed a balance to be due to him. The case was referred to an auditor. To his report exceptions of law and fact were filed. *Held*, that the presiding judge properly treated the action as equitable in its character; and upon disapproving the exceptions of fact, he was not compelled to submit the case to a jury. Civil Code, §§ 5142, 5147.

3. There was no error in disapproving the exceptions of fact to the auditor's report.

4. Where one person agreed with another to buy cottonseed and ship them to the latter, who furnished money for that purpose, and the purchasing agent bought a lot of seed, but, instead of delivering them to the person for whom he was acting, by consent of the latter sold and delivered them to a third person, relatively to the carrying out of the contract the seed thus delivered stood in the same position as if they had been delivered to the buyer and by him to the third person.

5. Where the purchasing agent did not ship to the person for whom he was acting all of the seed which he had bought, and did not sell all of such remaining balance of seed to a third person as he was authorized to do, but retained them himself, claiming to have sold them to himself, he was not entitled to commissions on the seed thus appropriated to his own use.          *Judgment affirmed. All the Justices concur.*
FEBRUARY 27, 1913.

Exceptions to auditor's report. Before Judge J. B. Park. Morgan superior court. December 4, 1911.

*F. C. Foster,* for plaintiff in error.   *S. H. Sibley,* contra.